# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
     **JUDGE**

## LETTER OPINION

January 29, 2009

Braulio A. Batista
25021-050
Fort Dix - Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
(*Petitioner* pro se)

Charles B. Mckenna
Charlton A. Rugg
Office of the U.S. Attorney
970 Broad Street
Room 700
Newark, NJ 07102
(*Attorneys for Respondent United States of America*)

> Re:   Batista v. United States of America
>          <u>Civil Action No. 2:08-CV-05014 (WJM)</u>

Dear Litigants:

     This matter comes before the Court on *pro se* Petitioner Braulio Batista's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as Petitioner's simultaneous request for appointment of pro bono counsel.  The Court did not hold oral arguments.  Fed. R. Civ. P. 78.  For the following reasons, Batista's motion to vacate, set aside, or correct sentence is **DENIED**.  The Court will not appoint Batista pro bono counsel.

## **BACKGROUND AND PROCEDURAL HISTORY**

Braulio Batista was arrested on September 19, 2002 for his involvement in the sale illicit drugs. He served as a middle-man and plead guilty to a charge of conspiracy to distribute 150 grams or more of crack cocaine.

Not long after an unsuccessful proffer session with the government, Batista's attorney requested an evaluation to determine Batista's competency to stand trial. Over the course of the next two years, Batista underwent at least five evaluations. Initially, doctors found Batista incompetent to stand trial. However, subsequent evaluations unearthed malingering.

On June 2, 2005, the Honorable John C. Lifland sentenced Batista and granted the government's motion for a two-level enhancement for obstruction of justice. The Court determined that Batista feigned mental illness to avoid trial, transmitted this plan to a co-conspirator, and purposefully avoided taking his medication to increase the chance of being found incompetent. In addition, the Court denied Batista's motion for a three-level reduction for acceptance of responsibility.

Batista received a sentence of 188 months. The base offense level was 34, with a two-level increase for obstruction of justice, totaling an offense level of 36. Paired with a criminal history category of I, the United States Sentencing Guidelines mandated a range of 188 to 235 months. The Third Circuit subsequently affirmed this sentence in the precedential opinion *United States v. Batista*, 483 F.3d 193 (3d Cir. 2007).

On August 18, 2008, this Court granted Batista's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), lowering his sentence from 188 months to 155 months in light of the Sentencing Commission's policy of decreasing the base offense for crack cocaine offenses by two levels.

Batista now requests that the Court vacate his sentence pursuant to 28 U.S.C. § 2255. He contends that he received ineffective assistance for a variety of reasons and maintains that counsel should have: (1) raised the "crack/powder" disparity; (2) argued a sentencing disparity under 18 U.S.C. § 3553(a)(6); (3) investigated and subsequently addressed Batista's mental health and need for rehabilitation at sentencing; and (4) asked the sentencing judge to meaningfully consider the § 3553 factors. He also claims that counsel told the sentencing judge that he was a "liar."

## DISCUSSION

The right to effective assistance of counsel is guaranteed by the Sixth Amendment. When evaluating claims of ineffective assistance of counsel, courts follow the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, the petitioner bears the burden of showing: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. To show a deficiency in counsel's performance, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. For a court to find prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**1.   Crack/Powder Cocaine Disparity**

Batista first argues that his sentencing counsel lacked effectiveness for failing to argue that the 100-to-1 disparity between powder cocaine and crack cocaine sentences. To support this argument, Batista relies on *Kimbrough v. United States*, --- U.S. --- , 128 S. Ct. 558 (2007), where the Supreme Court concluded that judges have the discretion to consider this disparity during sentencing.

The Third Circuit, however, has repeatedly held that counsel is not ineffective for failing to anticipate a change in the law. *See, e.g.*, *United States v. Davies*, 394 F.3d 182, 189-91 (3d Cir. 2005); *Duncan v. Morton*, 256 F.3d 189, 202-03 (3d Cir. 2001). Batista was sentenced on June 2, 2005, approximately two years prior to the Supreme Court's decision in *Kimbrough* and one year before the Third Circuit's decision in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). In *Gunter*, the Third Circuit held, as a matter of first impression, "that district courts may consider the crack/powder cocaine differential in the Guidelines as a factor, but not a mandate, in the post- *Booker* sentencing process." *Id.* at 249. Batista's sentencing counsel is not ineffective for failing to anticipate the change in controlling law. This claim does not satisfy the first prong of *Strickland* and is denied.

**2.   Sentence Disparity Based on National and District Averages**

Batista next argues that defendants with similar criminal records received significantly lower sentences, violating the prohibition against "sentencing disparities" under 18 U.S.C. § 3553(a)(6). When issuing a sentence, courts must consider "the need

3

to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Batista is currently serving a sentence of 155 months. Information from the United States Sentencing Commission Website states that the average national sentence for drug trafficking from January 12, 2005 to September 30, 2005 was 84.4 months, while the average for the Third Circuit was 81.9 months. *See* United States Sentencing Commission, *Statistical Information Packet Fiscal Year 2005 Third Circuit*, http://www.ussc.gov/JUDPACK/2005/3c05.pdf (last visited Jan. 26, 2009).

Although not addressed by the Third Circuit, sister circuits find that national averages for sentences, which omit details about the underlying sentences, lack reliability. *See, e.g.*, *U.S. v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007); *U.S. v. Restrepo*, 250 Fed. Appx. 434, 435 (2d Cir. 2007). These statistics fail to incorporate enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases. *Willingham*, 497 F.3d at 545.

This logic rings true in the present matter. Batista received a two-count enhancement for obstruction of justice. Not only did Batista's sentencing attorney address the disparity based on the enhancement, as compared to the sentences of his co-conspirators, but the Court even acknowledged counsel's "concern with the disparity between the disposition of this case and that of the co-defendants." (June 2, 2005 Tr. 3-8, 62.) As such, Batista's cannot maintain a claim for ineffective assistance of counsel on this ground.

### 3. Failure to Investigate and Address Batista's Mental Health and Need for Rehabilitation

Batista further contends that the Court should vacate his sentence because his counsel neglected to investigate and address his mental health and need for rehabilitation at sentencing. This resulted in a higher than necessary sentence in violation of 18 U.S.C. § 3553(a).

A review of the June 2, 2005 sentencing transcript, however, indicates that Batista's sentencing counsel did indeed discuss the state of Batista's mental health and need for rehabilitation. For example, prior to the imposition of the sentence, Batista's counsel stated:

> Mr. Batista obviously has some, you know, mental issues, mental, psychiatric issues that need to be dealt with. I don't think there is any dispute in the fact

4

> that those issues are present in this case, and present with Mr. Batista. I ask this Court to consider his position in light of the total case and the total sentence.

(Tr. 58.) In addition, sentencing counsel addressed Batista's mental health and the investigation of his mental health when discussing the government's motion for a two-level enhancement for obstruction of justice. (Tr. 16-19.) Lacking support from the record, Batista's counsel cannot be adjudged ineffective on this basis.

**4.     Remaining Claims**

Batista makes two additional claims that lack merit. First, he argues that the Court failed to meaningfully articulate relevant 18 U.S.C. § 3553(a) factors during the sentencing. Second, Batista claims that his sentencing attorney falsely advised the Court that Batista was a "liar."

For a sentence to be procedurally reasonable, the record must indicate the sentencing court engaged in a "meaningful consideration of the factors set forth in § 3553(a)." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). A district court need not discuss and make findings as to each of the factors so long as the record makes clear the court took the factors into account in sentencing. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). A court must issue the sentence based upon appropriate and judicious consideration of the relevant factors. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006).

A review of the sentencing transcript evidences that the Court meaningfully articulated the § 3553(a) factors. The Court acknowledged Bautista's mental impairments, issued a sentence at the low end of the Sentencing Guidelines, and explained why–as a result of the malingering–his sentenced differed from the sentences of his co-conspirators. (Tr. 62-65.) Moreover, a review of the March 15, 2005 record indicates that sentencing counsel did not advise the Court that Batista was a liar.

## **CONCLUSION**

For the foregoing reasons, Batista's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court will not appoint Batista pro bono counsel. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini<br>
**William J. Martini, U.S.D.J.**