UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRAULIO BATISTA,** | **CIVIL ACTION NO. 2:08-5014** |
| Petitioner, | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA,** | **HON. WILLIAM J. MARTINI** |
| Respondent. | |

On June 2, 2005, Petitioner was sentenced to 188 months imprisonment for his role in a conspiracy to traffic in narcotics. *See* 2:03-cr-00514, Doc. No. 70 (Lifland, J.). The sentence was affirmed by the Third Circuit. *Id.*, Doc. Nos. 86-87. Petitioner, represented by the Federal Public Defender, filed a motion, citing *Booker* and *Kimbrough*, to reduce his sentence. *Id.*, Doc. No. 97. The motion was granted, and his sentence was reduced from 188 to 151 months. *Id.*, Doc. No. 98 (Aug. 12, 2008) (Martini, J.).

Subsequently, on October 7, 2008, Petitioner filed a habeas petition. *See* 2:08-cv-05014, Doc. No. 1. On January 29, 2009, this Court issued an opinion and order denying relief. *Id.*, Doc. Nos. 4-5.[1] Thereafter, on April 6, 2009, Petitioner filed a Motion to Reconsider the Court's Reduction of Sentence Pursuant to Section 3582(c)(2). Doc. No. 7. This was followed by two supplements to his motion to reconsider. *See* Doc. Nos. 11, 15.

---

[1] This Court and the Third Circuit refused to issue a certificate of appealability. 2:08-cv-05014, Doc. Nos. 12, 14.

n/a

The Court ordered the Government to respond. *See* Doc. No. 16. The Government responded, (Doc. No. 20 (dated Jan. 28, 2010)), and Petitioner replied, (Doc. No. 19 (dated Feb. 8, 2010)).

To the extent that Petitioner's April 6, 2009 filing, Doc. No. 7 (as supplemented by Doc. Nos. 11, 15, 19), is a motion to reconsider the Court's order of January 29, 2009, it is untimely. *See* N.J. L.R. 7.1(i) (mandating that motions to reconsider must be filed within 10 days of the underlying order from which reconsideration is sought); *cf.* N.J. Crim. L.R. 1.1 (applying local civil rules, including Rule 7.1(i), to criminal actions). Likewise, to the extent this filing seeks reconsideration of the prior order reducing Petitioner's sentence, dated August 12, 2008, it is also untimely.

As explained, Petitioner has already brought a habeas petition, which has been adjudicated. *See* 2:08-cv-05014, Doc. No. 1 *et seq*. To the extent that Petitioner's April 6, 2009 filing might be construed as a second or successive habeas petition, it does not meet the necessary prerequisites. *See, e.g.*, 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. ").

For the reasons elaborated above, all relief is **DENIED**.

An appropriate order accompanies this opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**